IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TRAVIS DUDLEY,
    Plaintiff,

vs.                              Case No.: 1:05cv147/MMP/EMT

ASST. WARDEN COLSEN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5). After careful consideration, it is the opinion and recommendation of the undersigned that this action should be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.

       Plaintiff claims that Defendants violated his rights under the First and Eighth Amendments by using excessive force, failing to protect him from threats and attacks by other inmates, degrading him with racial epithets, retaliating against him for filing grievances, and reading his mail (Doc. 1 at 8). As relief, Plaintiff seeks monetary damages and habeas corpus relief to protect him from future abuse and retaliation (*id.*).

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review his complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Cornier, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all facts set forth in the complaint as true. *See* Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

The complaint fails to state a claim only when it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See* Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Because the language of section 1915(e) tracks the language of Fed.R.Civ.P. 12(b)(6), Rule 12(b)(6) standards apply in determining whether a prisoner's claim is subject to dismissal under section 1915(e)(2)(B)(ii).  *See* Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997).

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of all available administrative remedies is mandatory and is a precondition to suit. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citing Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)); *see also* Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir.1998).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 524.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  Booth, 121 S.Ct. at 1825; *see also* Zolicoffer v. Scott, 55 F.Supp.2d 1372, 1375 (N.D.Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001).  The requirement is not subject to either waiver by a court or futility or inadequacy exceptions.  *See* Booth, 532 U.S. 731, 741 n. 6; McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); Alexander, 159 F.3d at 1325.  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).  Based on the foregoing, the court must dismiss this action if it determines that Plaintiff failed to exhaust his administrative remedies with respect to his claims prior to filing suit.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander, 159 F.3d at 1325-26.

Florida regulations establish a three-step grievance process within state institutions that includes an informal grievance, formal grievance, and appeal to the office of the Secretary of the Department of Corrections (DOC).  *See* Fla. Admin. Code rr. 33-103.005 to 103.007 (1999). "Emergency grievances, grievances of reprisals, or grievances of a sensitive nature" may be filed directly with the Secretary, but the inmate must identify his grievance as such and clearly state his reasons for bypassing the formal and informal grievance steps.  *See id.* r. 33-103.007(6).

In the instant case, the grievances submitted by Plaintiff demonstrate that at the time of filing of the original complaint, he had not received a response to the grievance he submitted to the Secretary of the DOC regarding his claims (*see* Doc. 1, Exs. A-G, Doc. 6, Memorandum and attached exhibit).  Indeed, it was not possible for Plaintiff to receive a response prior to filing this action, as Plaintiff wrote the grievance to the Secretary on August 22, 2005, only four days prior to filing this suit, and it was received by the Secretary's Office on August 29, 2005, three days after he filed this suit (*id.*).  Thus, it is plainly evident that Plaintiff had not fully exhausted those administrative remedies available to him prior to filing this lawsuit.  Although Plaintiff requests that the court accept his response from the Secretary, which was signed by the Secretary on September 16, 2005 (*see* Doc. 6, Memorandum and exhibit, Doc. 1 at 8), the court no longer has the discretion to consider claims that were not fully exhausted prior to the filing of the lawsuit.  Alexander, 159 F.3d at 1325-26; Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998).  Instead, dismissal of this action without prejudice is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii), which should not prevent the filing of a new action after administrative remedies have been fully exhausted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause of action be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), such dismissal being without prejudice to Plaintiff's filing a new action after exhaustion of his administrative remedies.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 8th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 1:05cv147/MMP/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**